**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ERIC T. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-292 TS |
| | ) | |
| WALTER E. MARTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Eric T. Mitchell, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Subsequently, he filed an unsigned, amended complaint. In response, the Court ordered Mitchell to file, on or before October 29, 2007, a single complaint containing all of the claims he was attempting to bring in this case. It is now a month past that deadline, but Mitchell has not responded. Because the amended complaint was unsigned, it was not a proper pleading and must be stricken pursuant to Federal Rule of Civil Procedure 11(a). Consequently, the Court will proceed with the original complaint.

Mitchell names nine defendants and raises several different claims including: conditions in the segregation unit; two separate excessive uses of force; mishandling of his legal mail; threats against him; denial of access to the administrative grievance procedure; and, retaliation.

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*George v. Smith*, — F.3d —, —, 2007 WL 3307028 at *2 (7th Cir. Nov. 9, 2007).

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The

>controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id.* at *1.

This case is similar to *George* in that Mitchell is attempting to improperly bring unrelated claims in a single case. As instructed by *George*, the district court must reject such a filing. Therefore the original complaint will be stricken with leave to file an amended complaint incorporating only related claims. Mitchell may bring only properly related claims in this case. Unrelated claims must be brought in separate cases.

For the foregoing reasons, the Court:

(1) STRIKES the amended complaint (DE 8);

(2) STRIKES the original complaint (DE 1);

(3) GRANTS Eric T. Mitchell to and including December 28, 2007, to file an amended complaint containing only related claims; and

(4) CAUTIONS Eric T. Mitchell that if he does not respond by that deadline, this case will closed without further notice and without affecting his obligation to pay the filing fee for this case in installments.

SO ORDERED on November 28, 2007.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION